UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILLIAM HERBERT BRITT

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

### NOTICE OF REMOVAL OF STATE COURT ACTION

1. Plaintiff filed a Complaint against the above named Defendant in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled: WILLAM HERBERT BRITT V. WAL-MART STORES, LP, Case Number 50 2020 CA 006613 XXXX MB.

2. In this Complaint, Plaintiff claims, inter alia, that he has been damaged due to the negligence of the Defendant.

3. The complaint does not allege the damages sought other than to allege that the amount in controversy exceeds the $30,000 State of Florida Circuit Court jurisdictional minimum.

4. On or about July 14, 2020 defendant served on plaintiff Supplemental Requests for Admissions. On July 29, 2020 plaintiff responded to these request for admissions. Plaintiff's responses make clear that he is seeking damages in excess of $75,000.00.

5. Specifically. Defendant requested and Plaintiff responded as follows:

    1. In this lawsuit, Plaintiff is not seeking and will not seek total damages in excess of $75,000. – DENIED.

Page 2

2. In this lawsuit, Plaintiff is seeking to recover total damages in excess of $75,000. – ADMITTED.

3. The maximum amount of damages that Plaintiff seeks, and will ever seek, to recover in this lawsuit is less than $75,000. – DENIED.

4. The maximum amount of damages that Plaintiff seeks to recover in this lawsuit is greater than $75,000. – ADMITTED.

5. In this lawsuit, Plaintiff stipulates that he will be asking the jury to award him no more than a total of $75,000 in damages. – DENIED.

6. In this lawsuit, Plaintiff will be asking the jury to award him more than a total of $75,000 in damages. – ADMITTED.

6. As such, the citizenship of the parties, coupled with Plaintiff's responses to requests for admissions give rise to diversity of jurisdiction, pursuant to 28 U.S.C.A. Sec. 1332, and the Defendant seeks removal to the United States District Court for the Southern District of Florida.

## FEDERAL DIVERSITY JURISDICTION

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to the Court by Defendant pursuant to the provisions of 28 U.S.C. 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. A defendant may properly remove an action from state court and avail itself of the federal court system in any civil action of which the district courts of the United States have diversity jurisdiction pursuant to the provisions of 28 U.S.C. 1441. Id.

## A. Diversity of Citizenship

9. Plaintiff, WILLIAM HERBERT BRITT, now and at all times material to the Complaint, is and was a Florida citizen, domiciled in Palm Beach County, Florida. Defendant is organized and exists pursuant to the laws of the **State of Delaware**, with its principal place of business in the **State of Arkansas**, and is therefore deemed to be a citizen of the **State of Arkansas** or the **State of Delaware** pursuant to 28 U.S.C. 1332(c)(1). For removal purposes, "a corporation is a citizen of any State in which it is incorporated and the State, which is its principle place of business."

## B. Amount In Controversy

10. Defendant, as the party invoking federal jurisdiction, carries the burden of "proving to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." In re Rezulin Products Liability Litigation, 133 F.Supp2d 272 (S.D.N.Y. 2001). On the other hand, "the focus of defendants' efforts need not be whether the plaintiff is likely to secure an amount greater than $75,000.00. Rather, the focus is on the claim, and while plaintiffs are the master of its claim whose monetary demand is to be accorded deference, a plaintiffs' claim must be made in good faith." Id. As set forth in paragraph 3 and incorporated herein, plaintiff is clearly alleging damages in excess of $75,000.

11. Although the original Complaint was served on June 24, 2020, defendant was not yet on notice until July 29, 2020, the date plaintiff responded to the aforementioned request for admissions, that the amount in controversy met the minimum requirements set forth in 28 U.S.C. 1332. Accordingly, this notice has been filed within 30 days of Defendant having adequate notice of a basis for removal and less than one year has passed since the filing of the original

Page 4

Complaint. Attached hereto as **Composite Exhibit "A"** is a copy of all papers filed to date in the State Court proceedings.

12. Written notice of the filing of this notice has been furnished to Plaintiff.

13. A copy of this Notice has been filed with the Clerk of the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida.

WHEREFORE, Defendant, WAL-MART EAST, LP, respectfully requests this Court to assume original jurisdiction and grant this Notice for Removal.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that we electronically filed the foregoing document with the Clerk of the Court using CM/ECF this 31st of July, 2020 on all counsel of record on service list below.

    LUKS, SANTANIELLO, PETRILLO & COHEN
    Attorneys for Defendant
    110 S. E. 6th Street, 20th Floor
    Fort Lauderdale, FL 33301
    Telephone: (954) 761-9900
    Facsimile: (954) 761-9940

    By: */s/ David A. Lipkin*
        DANIEL J. SANTANIELLO
        Florida Bar No.: 860948
        DAVID A. LIPKIN
        Florida Bar No.: 968463
        LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**
COUNSEL FOR PLAINTIFF
R. Timothy Vannatta, Esquire
Rubenstein Law, P.A.
9130 S. Dadeland Blvd., PH
Miami, FL 33156
(305) 661-6000
tim@rubensteinlaw.com
jmolano@rubensteinlaw.com
eservice@rubensteinlaw.com