Filing # 109178399 E-Filed 06/22/2020 09:48:18 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AN FOR PALM BEACH COUNTY, FLORIDA

WILLIAM HERBERT BRITT,

    Plaintiff

v.                                                                                          CIVIL DIVISION

WAL-MART STORES EAST, LP,                                          CASE NO.:

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, WILLIAM HERBERT BRITT, by and through the undersigned counsel, sues Defendant, WAL-MART STORES EAST, LP, and alleges:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), and within the jurisdictional limits of this Court.

2. At all times material hereto Plaintiff, WILLIAM HERBERT BRITT, was and is a resident of Palm Beach County, Florida, and was otherwise *sui juris*.

3. At all times material hereto Defendant, WAL-MART STORES EAST, LP, was and is a Foreign Limited Partnership actively doing business in West Palm Beach, Palm Beach County, Florida.

4. Venue is proper in this County in that Defendant, WAL-MART STORES EAST, LP, does business in Palm Beach County, Florida, and/or all of the acts complained of herein occurred in Palm Beach County, Florida.

5. That on or about August 15, 2019, Plaintiff, WILLIAM HERBERT BRITT, was a business invitee of Defendant, WAL-MART STORES EAST, LP's, premises located at 4225 45th Street, West Palm Beach, Palm Beach County, Florida 33407.

## COUNT I - NEGLIGENCE CLAIM AGAINST DEFENDANT, WAL-MART STORES EAST, LP

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

6. At all times material hereto, and specifically on August 15, 2019, Defendant, WAL-MART STORES EAST, LP, owned, managed, controlled, operated, and/or maintained the premises located at 4225 45th Street, West Palm Beach, Palm Beach County, Florida 33407.

7. That on or about August 15, 2019, Plaintiff, WILLIAM HERBERT BRITT, was lawfully in/on Defendant, WAL-MART STORES EAST, LP's, premises located at 4225 45th Street, West Palm Beach, Palm Beach County, Florida 33407, when he slipped and fell on a liquid substance in the men's bathroom.

8. That Defendant, WAL-MART STORES EAST, LP, owed a duty to its business invitees to provide a reasonably safe environment.

9. That through its agents, servants, and/or employees Defendant, WAL-MART STORES EAST, LP, breached its duty owed to Plaintiff, WILLIAM HERBERT BRITT, to maintain the premises in a reasonably safe manner:

   a. By allowing a liquid substance to accumulate on the floor in the men's bathroom.; and/or

   b. By failing to warn Plaintiff, WILLIAM HERBERT BRITT, of the dangerous condition that existed at the time of the accident.; and/or

  c. By failing to place barricades, wet floor signs, or other marking devices utilized to alert business invitees such as Plaintiff, WILLIAM HERBERT BRITT, of the dangerous condition that existed at the time of the accident.; and/or

  d. By failing to remove said liquid substance from the floor of the premises prior to the time of the accident.; and/or

  e. By failing to correct the dangerous condition on the premises that posed a danger to business invitees such as Plaintiff, WILLIAM HERBERT BRITT, when Defendant, WAL-MART STORES EAST, LP, knew the dangerous condition existed prior to the time of the accident.; and/or

  f. By failing to correct the dangerous condition on the premises that posed a danger to business invitees such as Plaintiff, WILLIAM HERBERT BRITT, when Defendant, WAL-MART STORES EAST, LP, should have known the dangerous condition existed prior to the time of the accident.; and/or

  g. Defendant, WAL-MART STORES EAST, LP, was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a liquid substance to be left on the floor in the men's bathroom so as to cause Plaintiff, WILLIAM HERBERT BRITT, to be injured.

10. The dangerous condition existed for such a length of that time, in the exercise of ordinary care, the business establishment should have known of the condition; and/or the dangerous condition occurred with regularity and was therefore foreseeable; and/or Defendant,

WAL-MART STORES EAST, LP, had actual notice of the dangerous condition and failed to remedy it.

11. As a direct and proximate result of the aforementioned negligence of Defendant, Defendant, WAL-MART STORES EAST, LP, Plaintiff, WILLIAM HERBERT BRITT, suffered significant and severe bodily injury, resulting pain and suffering, disability, disfigurement, physical impairment, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money in the future and/or aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff, WILLIAM HERBERT BRITT, will suffer these losses in the future.

WHEREFORE, Plaintiff, WILLIAM HERBERT BRITT, respectfully demands judgment against Defendant, WAL-MART STORES EAST, LP, for damages, costs, and interest and all other relief this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff further demands a trial by jury on all issues so triable as of right by jury.

Dated: June 22, 2020.

        **RUBENSTEIN LAW, P.A.**
        Attorneys for Plaintiff
        9130 S. Dadeland Blvd, PH
        Miami, FL 33156
        Tel: (305) 661-6000
        Fax: (305) 670-7555
        Email: tim@rubensteinlaw.com
               jmolano@rubensteinlaw.com
               eservice@rubensteinlaw.com

        By:    /s/ R. Timothy Vannatta
                **R. Timothy Vannatta**
                Florida Bar No.: 0055890

WAL-32189/DJS/DAL:kdm

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO.: 50 2020 CA 006613 XXXX MB

WILLIAM HERBERT BRITT,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S COMPLAINT

Defendant, WAL-MART STORES EAST, LP, by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.110, hereby serves its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Complaint, as follows:

## ANSWER

1. Defendant, WAL-MART STORES EAST, LP, denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2. The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiffs damages according to Plaintiffs' degree of fault. Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than

50% at fault for his own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3.   There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control. In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages as the Doctrine of Joint and Several Liability has been abolished.

The subject parties that may be liable are the co-defendants named in this or any prior or subsequent complaint, and this defendant incorporates by reference the allegations made against them in the complaint. Should the Plaintiff settle with or dismiss any or all of these named co-defendants, then the defendant would adopt and incorporate these same allegations against them.

The subject non-parties that may be liable are presently unknown.

4.   Plaintiff has received or is entitled to receive payments from collateral sources as identified by section 768.76, Florida Statutes. To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

5.   The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control. In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

6.   Plaintiff failed to mitigate or minimize his/her damages, if any.

7.   The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

8. The cause of any damages to Plaintiff was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this. The accident and damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

9. The Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks.

10. Plaintiff, William Herbert Britt failed to take ordinary and reasonable care in conducting himself on the premises. Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11. This Defendant had insufficient notice regarding the problems complained of by Plaintiff. Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken. Defendant further avails itself all defenses burdens required of plaintiffs pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12. If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint. Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

13. Defendant's mode of operation/maintenance was reasonable and adequate at its premises.

14. At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

15. The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

16. Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

17. Plaintiff has not satisfied all conditions precedent to filing this suit against this Defendant and/or the subject action is barred by the Statute of Limitations.

18. If discovery reveals Plaintiff to be a borrowed servant and/or statutory employee, then this action and said claims are barred by the Doctrine of Worker's Compensation Immunity, Section 440.11, Florida Statutes.

19. Defendant avails itself of the defenses and burdens of proof required by Plaintiff pursuant to Section 768.0755, Florida Statutes.

20. Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 768 and 627, Florida Statutes.

21. Plaintiff has failed to mitigate damages because the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection which is void against public policy and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009); plaintiff is a Medicare beneficiary, then defendant is entitled to a write-down or setoff under the Medicare fee schedule.

22. Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of ay governmental or charitable benefits available and further, that the defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

23. Defendant asserts that it is entitled to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other expenses in the future pursuant to the law of collateral source setoffs and *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not actually incurred by the Plaintiff.

24. This defendant did not have possession or otherwise exclusive possession was had by others not subject to this defendant's control. Therefore, the exclusivity of possession defense relieves this defendant of any liability or duty.

25. The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

26. To the extent that Plaintiff's statutory survivors fail to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff's survivors have failed to mitigate their damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff should take nothing by this action and defendant should go hence without day.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 14th day of July, 2020.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
110 SE 6TH STREET
20TH FLOOR
FORT LAUDERDALE, FL 33301
(954) 761-9900


By:  */s/ David A. Lipkin*
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
DAVID A. LIPKIN
Florida Bar No.: 968463
LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**

COUNSEL FOR PLAINTIFF
R. Timothy Vannatta, Esquire
RUBENSTEIN LAW
9130 S. Dadeland Blvd., PH
Miami, FL  33156
305-661-6000
Tim@rubensteinlaw.com;
JMolano@rubensteinlaw.com;
eservice@rubensteinlaw.com

# RETURN OF SERVICE

State of Florida          County of Palm Beach          Circuit Court

Case Number: 50-2020-CA-006613-XXXX-MB

Plaintiff:
**WILLIAM HERBERT BRITT**

vs.

Defendant:
**WAL-MART STORES EAST,LP**

For:
TIM VANNATTA
RUBENSTEIN LAW, P.A.(W.P.B)
2000 PALM BEACH LAKES BLVD
602
WEST PALM BEACH, FL 33409

Received by Executive Express Courier & Process Services on the 24th day of June, 2020 at 10:52 am to be served on **WAL-MART STORES EAST,LP, C/O R.A.: CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROD, PLANTATION, FL 33324**.

I, Jacqueline Garcia, do hereby affirm that on the **24th day of June, 2020** at **2:00 pm**, I:

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint For Damages And Demand For Jury Trial,Interrogatories, Request For Production AND Request For Admissions** with the date and hour of service endorsed thereon by me, to: **Donna Moch as Sr Corp Ops Mgr For C T Corporation System/ R A** for **WAL-MART STORES EAST,LP,**, at the address of: **1200 S Pine Island Rd, Plantation, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50+, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 135, Hair: Brown, Glasses: N

Under penalty of perjury, I swear or affirm, pursuant to Fla. Stat 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served.

Jacqueline Garcia
SPS #1449

**Executive Express Courier & Process Services**
4460 NW 73 AVE
MIAMI, FL 33166
(305) 371-0292

Our Job Serial Number: JRT-2020045630
Ref: 353552 BRITT VS WAL-MART

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k

Filing # 109178399 E-Filed 06/22/2020 09:48:18 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AN FOR PALM BEACH COUNTY, FLORIDA

WILLIAM HERBERT BRITT,

    Plaintiff

v.

                              CIVIL DIVISION

WAL-MART STORES EAST, LP,          CASE NO.:

    Defendant.
_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in this action on Defendant:

**WAL-MART STORES EAST, LP
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

R. Timothy Vannatta, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON: on this Jun 23 2020 day of _____, 2020.

Clerk of Said Court

BY _____
As Deputy Clerk

GINA BRIMMER D.C.

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 06/22/2020 09:48:18 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AN FOR PALM BEACH COUNTY, FLORIDA

WILLIAM HERBERT BRITT,

    Plaintiff

v.                                                                                          CIVIL DIVISION

WAL-MART STORES EAST, LP,                                              CASE NO.:

    Defendant.
_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in this action on Defendant:

**WAL-MART STORES EAST, LP
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

R. Timothy Vannatta, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON:  on this _____ day of _____, 2020.   Jun 23 2020

Clerk of Said Court

BY _____
As Deputy Clerk

GINA BRIMMER D.C.

(Court Seal)

2