UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-81244-MATTHEWMAN

WILLIAM HERBERT BRITT,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

FILED BY KJZ D.C.
Apr 13, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER DENYING DEFENDANT'S RENEWED MOTION IN LIMINE TO PRECLUDE THE OPINION TESTIMONY OF DR. SAMUEL HESS [DE 96]

THIS CAUSE is before the Court upon Defendant, Wal-Mart Stores East, LP's ("Defendant") Renewed Motion in Limine to Preclude the Opinion Testimony of Dr. Samuel Hess ("Motion") [DE 96]. Plaintiff, William Herbert Britt ("Plaintiff") has filed a Response to the Motion [DE 115], and no reply was filed. The Court held a hearing on the Motion via Zoom video teleconference on March 30, 2022. The matter is now ripe for review. The Court has carefully considered the parties' written submissions, the parties' oral argument at the hearing, the record, and applicable law.

**I.    INTRODUCTION AND BACKGROUND**

In his Complaint, Plaintiff alleges one count of negligence against Plaintiff. [Compl., DE 1-2]. According to Plaintiff's allegations, he slipped and fell on a liquid substance in the men's bathroom at a Wal-Mart store located in West Palm Beach, Florida, on August 15, 2019. *Id.* ¶ 7. Plaintiff also alleges that, as a direct and proximate result of Defendant's negligence, he suffered

1

"significant and severe bodily injury, resulting pain and suffering, disability, disfigurement, physical impairment, inconvenience, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to each money in the future and/or aggravation of a previously existing condition." *Id.* ¶ 11. According to the Complaint, these losses are "either permanent or continuing in nature." *Id.*

In his Order on Motion for Summary Judgment [DE 63], the prior presiding Judge granted in part and denied in part Defendant's Motion for Final Summary Judgment. In that Order, the Court ruled that the motion was "granted to the extent that it seeks to prohibit Plaintiff from asserting a mode of operation theory of negligence at trial in lieu of proving that Defendant had the requisite notice of the liquid substance" and denied it in all other respects.

One issue in this case is whether there was a causal connection between the slip and fall and a cervical surgery performed by Dr. Samuel Hess. On April 6, 2021, Plaintiff filed a Supplemental Expert Witness List [DE 62]. With regard to Dr. Hess, he explained,

> Although not a retained expert, Plaintiff may call Dr. Hess to testify. Dr. Hess has provided care and treatment to the Plaintiff and may testify regarding his opinions relating to care and treatment, the costs associated with that treatment, causation of Willie Britt's injuries, damages, the need for further treatment, if any, as well as the costs for such treatment; and whether or not Mr. Britt has sustained a permanent injury within a reasonable degree of medical probability. It is anticipated that Dr. Hess will base his testimony on his experience and training. Plaintiff will assist Defendant in obtaining dates of this witness, if requested.

*Id.* On June 21, 2022, Plaintiff filed a Second Supplemental Expert Witness List [DE 92] which included the same language from the April 6, 2021 filing. In Plaintiff's Third Supplemental Exhibit List [DE 131], he listed Dr. Samuel J. Hess, M.D., as having knowledge of Plaintiff's injuries as a result of the subject incident and treatment thereof, the medical bills incurred by Plaintiff as a result of the subject incident, and the reasonableness of their medical bills, as well as authenticity of their

2

medical records and bills. Plaintiff also stated that Dr. Hess has "knowledge of liability, causation, damages." *Id.*

## II. MOTION AND RESPONSE

Dr. Samuel Hess, a board-certified orthopedic surgeon, performed a cervical surgery on Plaintiff in June 2020. [DE 96 at 2]. Defendant asserts that Plaintiff seeks to admit the opinion testimony of Dr. Hess that Plaintiff's need for cervical surgery in June 2020 was caused solely by his slip and fall on Defendant's premises in August 2019. *Id.* According to Defendant's Motion, however, during his deposition, Dr. Hess admitted that (1) Plaintiff was involved in other accidents in 2011, 2014, 2015, 2017, and 2019, that resulted in injury to his cervical and lumbar spine; (2) in reaching his opinion of a causal connection between the June 2020 cervical surgery and the August 2019 slip and fall, Dr. Hess did not compare Plaintiff's pre-August 2019 MRIs with his post-August 2019 MRIs; and (3) the entirety of his opinion is based on what Plaintiff told him and that there is no objective evidence that he can rely on to attribute the June 2020 cervical surgery to the slip and fall on Defendant's premises in August 2019. *Id.* at 2–5.

Defendant is not challenging Dr. Hess' qualifications; rather, Defendant argues that Dr. Hess' deposition testimony shows that his opinions lack a sufficient factual predicate underlying them. *Id.* at 11. Defendant argues that, by Dr. Hess' own admission, his opinion as to a causal connection between the June 2020 surgery and the slip and fall in this case is not based on any objectively verifiable evidence, and the only potentially objective evidence (a comparison of pre and post slip-and-fall MRIs) was not considered. *Id.* at 11–12.

In Plaintiff's Response, he argues that Dr. Hess should be permitted to testify to expert opinions to the extent he acquired "expert knowledge" in the course of treating Plaintiff. [DE 115

at 1]. Plaintiff further argues that Defendant deposed Dr. Hess, and "it is only due to Wal-Mart's failure to ask the correct foundational questions during its deposition of Dr. Hess that it challenges Dr. Hess' opinions." *Id.* Accordingly, Plaintiff contends that Defendant's Motion is premature because Plaintiff "should be permitted to lay at trial the proper foundation for Dr. Hess' causation testimony." *Id.* Plaintiff also describes in detail what foundation his counsel plans on laying at trial. *Id.* at 4. Plaintiff further contends that Dr. Hess' causation conclusion is based on "more than mere temporal analysis." *Id.* at 6. Plaintiff points out that Dr. Hess did a thorough inquiry into the onset of the injury and claims that his conclusions are based on the doctor's specific expertise and training. *Id.* Finally, Plaintiff asserts that, if Dr. Hess' opinions are based on insufficient data, then Defendant's own expert must also be excluded. *Id.* at 7.

During the March 30, 2022 hearing, Plaintiff's counsel admitted that this case involves the exacerbation of an injury. Counsel represented that Dr. Hess will testify that Plaintiff clearly had pre-existing conditions that were managed by pain medication, but that Plaintiff's need for surgery was caused by his fall at Wal-Mart, as demonstrated by the fact that he did not medically require surgery until after he fell at Wal-Mart.

### III.     RELEVANT LAW

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party that proffers the testimony of an expert under Rule 702 bears the burden of laying the proper foundation and demonstrating admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). The Eleventh Circuit "has previously held that expert testimony may be admitted if three requirements are met. First, the expert must be qualified to testify competently regarding

the matter he or she intends to address. Second, the methodology used must be sufficiently reliable as determined by a *Daubert* inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue." *Kilpatrick v. Breg, Inc.*, 613 F.3d 1329, 1335 (11th Cir. 2010); *see also Horrillo v. Cook Inc.*, No. 08-60931-CIV, 2014 WL 2708498, at *2 (S.D. Fla. June 6, 2014); *Southpoint Condo. Ass'n v. Lexington Ins. Co.*, No. 19-CV-61365, 2020 WL 3581611, at *2–3 (S.D. Fla. July 1, 2020) (setting forth a clear and detailed summary of the law under *Daubert* and Federal Rule of Evidence 702).

The judge plays a "gatekeeping" role in determining admissibility. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 n.7, 597 (1993). However, this gatekeeping role "is not intended to supplant the adversary system or the role of the jury." *Southpoint Condo. Ass'n*, 2020 WL 3581611, at *3 (quoting *Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (citations omitted)). A district court enjoys "considerable leeway" in making determinations regarding the admissibility of expert testimony and the reliability of an expert opinion. *United States v. Frazier*, 387 F.3d 1244, 1258–59 (11th Cir. 2004) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999)).

### IV. ANALYSIS AND RULINGS

#### A. Law Relevant to Testimony of Treating Physicians

The scenario currently before the Court is a common one in which treating physicians are hybrid (fact and expert) witnesses. Since Dr. Hess was not retained, he did not complete an expert report pursuant to Rule 26(a)(2)(B). However, he may potentially be entitled to testify as an expert pursuant to Rule 26(a)(2)(C)—including on the issue of causation. *Torres v. Wal-Mart Stores E., L.P.*, No. 19-62352-CIV, 2021 WL 3634632, at *10 (S.D. Fla. Aug. 17, 2021). Physicians who

form their causation opinions during treatment can offer those opinions under Rule 26(a)(2)(C)—even without a Rule 26(a)(2)(B) report. *Torres*, 2021 WL 3634632, at *17 (citing *Torres v. First Transit, Inc.*, 2018 WL 3729553, at *3 (S.D. Fla. Aug. 6, 2018)). The physicians' causation opinions need only be "sufficiently related to the information disclosed during the course of Plaintiff's treatment[.]" *Torres*, 2018 WL 3729553, at *3 (quoting *Levine v. Wyeth Inc.*, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010)); *see also Marsh v. Valyou*, 977 So. 2d 543, 548 (Fla. 2007) ("Experts routinely form medical causation opinions based on their experience and training."). However, "when a treating physician's testimony is based on a[ ] hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702 and the strictures of *Daubert*." *Pringle v. Johnson & Johnson*, No. 13-81022-CIV, 2019 WL 6723822, at *3 (S.D. Fla. Dec. 11, 2019) (footnote omitted) (quoting *Williams v. Mast Biosurgery U.S.A., Inc.*, 644 F.3d 1317–18 (11th Cir. 2011)).

 Defendant has styled its Motion as a "motion in limine." In the Eleventh Circuit, motions in limine are generally disfavored as admissibility questions should be ruled upon as they arise at trial. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013). As a result, if evidence is not clearly inadmissible, "evidentiary rulings must be deferred until trial to allow questions regarding foundation, relevancy, and prejudice." *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641, at *1 (S.D. Fla. Mar. 1, 2018) (quoting *Kobie v. Fifthian*, 2:12-CV-98-FTM-29DNF, 2014 WL 1652421, at *1 (M.D. Fla. 2014)). Motions in limine are "best limited to those issues that the mere mention of which would deprive a party of a fair trial. The Court does not issue advisory opinions, and it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with

other evidence in the trial." *United States v. Everglades Coll., Inc.*, No. 12-60185-CIV, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014); *see also Contreras v. Aventura Limousine & Transp. Serv., Inc.*, No. 13-22425-CIV, 2014 WL 11880996, at *2 (S.D. Fla. July 29, 2014) ("It is always difficult to rule in a vacuum, so the Court's ruling is without prejudice to Defendants' objecting when the evidence is sought to be introduced."); *accord Apple, Inc. v. Corellium, LLC*, 19-cv-81160-Smith/Matthewman, 2021 WL 2712131 (S.D. Fla. July 1, 2021). However, since Defendant has raised *Daubert* issues within its Motion, and since Plaintiff seeks to have Dr. Hess testify regarding the cause of Plaintiff's medical injuries, the Court shall proceed with a *Daubert* analysis. *See Wilson v. Taser Int'l, Inc.*, 303 F. App'x 708, 713 (11th Cir. 2008).

### B. Qualifications of Dr. Hess

Noting that Plaintiff has not objected to Dr. Hess' qualifications, the Court finds that Dr. Hess, a board-certified orthopedic surgeon, is qualified to testify competently as to his opinions relating to his care and treatment of Plaintiff, the costs associated with that treatment, whether or not Plaintiff has sustained a permanent injury within a reasonable degree of medical probability, damages, causation of Plaintiff's injuries which are sufficiently related to the information disclosed during the course of Plaintiff's treatment, and the need for further treatment, if any, as well as the costs for such treatment.

### C. Reliability of Dr. Hess' Opinions

The methodology used by Dr. Hess is sufficiently reliable as determined after a *Daubert* inquiry. After carefully reviewing the credentials, methodology, reliability, and opinions of Dr. Hess, a board-certified orthopedic surgeon, the Court finds him to be an appropriate expert within his area of expertise. Dr. Hess was Plaintiff's treating physician and is permitted to testify, based

upon his treatment and care of Plaintiff, as to his opinions on causation which are sufficiently related to the information disclosed during the course of Plaintiff's treatment. Furthermore, "[a] doctor usually may primarily base his opinion as to the cause of a plaintiff's injuries on his history where the plaintiff 'has sustained a common injury in a way that it commonly occurs.'" *Wilson*, 303 F. App'x 708 at 714 (citing *Bowers v. Norfolk S. Corp.*, 537 F. Supp. 2d 1343, 1354 (M.D. Ga. 2007)). Here, the spinal issues alleged by Plaintiff are arguably common injuries in the way that they commonly occur. They are not the type of more uncommon Taser-related injuries at issue in *Wilson, supra*. Additionally, to the extent that Dr. Hess failed to consider any of prior Plaintiff's medical records in this case involving exacerbation of injuries, Defendant can address these failures during cross-examination of Dr. Hess.

### D. Whether the Testimony Will Assist the Trier of Fact

As Plaintiff's treating physician, and as a board-certified orthopedic surgeon, Dr. Hess' testimony will undisputedly assist the trier of fact through the application of his expertise to understand the evidence or determine a fact in issue. Plaintiff's counsel has represented that Dr. Hess will be testifying live, and Defendant's cross-examination of Dr. Hess will also assist the trier of fact.

### V. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff has demonstrated the admissibility of Dr. Hess' causation opinions by a preponderance of the evidence. The jury will hear from Dr. Hess and make its own findings.

It is hereby **ORDERED AND ADJUDGED** that Defendant's Renewed Motion in Limine to Preclude the Opinion Testimony of Dr. Samuel Hess [DE 96] is **DENIED**. Since the Motion

was styled as a motion in limine, the Court's rulings are made without prejudice and may be revisited by the Court during trial in the event a proper and timely objection is made for the Court's consideration.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 13th day of April, 2022.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge