UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-81244-MATTHEWMAN

WILLIAM HERBERT BRITT,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

FILED BY KJZ D.C.
Apr 14, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RECONSIDER AND/OR CLARIFY ORDER [DE 122]

THIS CAUSE is before the Court upon Defendant, Wal-Mart Stores East, LP's ("Defendant") [Motion] to Reconsider and/or Clarify Order on Motion in Limine to Prevent Admission of Evidence of the Portion of Plaintiff's Medical Bills Not Paid by Plaintiff or Medicare ("Motion") [DE 122]. Plaintiff, William Herbert Britt ("Plaintiff"), has filed a Response [DE 130], and the matter is now ripe for the Court's review.

On March 24, 2022, the Court entered an Omnibus Order on Defendant's Motions in Limine [DE 118]. The Court ordered in relevant part as follows:

> Defendant's Renewed Motion in Limine to Prevent Admission of Evidence of Medical Billing Above Medicare Allowed Amounts [DE 106] is **GRANTED IN PART AND DENIED IN PART**[1]. Defendant seeks to prohibit Plaintiff from

---

[1] The Court notes that the Florida Second District Court of Appeal recently certified the following question to the Florida Supreme Court after answering the question in the negative:

> DOES THE HOLDING IN JOERG V. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., 176 SO. 3D 1247 (FLA. 2015), PROHIBITING THE INTRODUCTION OF EVIDENCE OF MEDICARE BENEFITS IN A PERSONAL INJURY CASE FOR PURPOSES OF A JURY'S CONSIDERATION OF FUTURE MEDICAL EXPENSES ALSO APPLY TO PAST MEDICAL EXPENSES?

1

introducing at trial "evidence of the portion of Plaintiff's medical bills exceeding Medicare allowed amounts." [DE 106 at 1]. In support of its Motion, Defendant represents that "Plaintiff's medical providers have either already accepted Medicare payments in full satisfaction of their bills or have . . . opted out of Medicare [or] entered into a compliant private contract with the Plaintiff." *Id.* at 15. Defendant also points to cases that support the proposition "that evidence of the contractual discount by Medicare providers should be excluded from trial." *See, e.g.*, *Boyd v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1240, 1241 (Fla. 4th DCA 2005); *see also Dial v. Calusa Palms Master Ass'n, Inc.*, 308 So. 3d 690, 691 (Fla. 2d DCA 2020) ("[T]he appropriate measure of compensatory damages for past medical expenses when a plaintiff has received Medicare benefits does not include the difference between the amount that the Medicare providers agreed to accept and the total amount of the plaintiff's medical bills. The trial court should have granted the . . . motion in limine and prohibited [the plaintiff] from introducing the full amount of her medical bills into evidence." (citation omitted)). Plaintiff's Response fails to address these cases. Thus, to the extent that any of his medical bills have already been fully satisfied by Medicare, Plaintiff is prohibited from introducing at trial evidence of the portion of those bills that exceeds the amounts actually received by the providers. The Court agrees that such evidence is not relevant under FRE 401, and to the extent it is arguably relevant, it is unfairly prejudicial under FRE 403 as it will likely confuse and mislead the jury. Thus, that portion of the motion is granted.

However, the Court is not persuaded that it should prohibit Plaintiff from introducing at trial evidence of the portion of Plaintiff's medical bills which have not yet been paid (and may never be paid) by Medicare that exceeds the limits of what Medicare would pay to fully satisfy such medical bills. Defendant points to no binding precedent requiring such a ruling, nor does it set forth a compelling basis for the same. This Court will not exclude relevant damages evidence based on speculation that Medicare may pay at some point in the future. Therefore, the Court denies Defendant's motion on that issue.

[DE 118].

In its Motion, Defendant requests that the Court "reconsider that portion of its order denying Defendant's Renewed Motion in Limine to Prevent Admission of Evidence of Medical

---

*Dial v. Calusa Palms Master Ass'n, Inc.*, 308 So. 3d 690, 692 (Fla. 2d DCA 2020), *review granted*, No. SC21-43, 2021 WL 1604008 (Fla. Apr. 26, 2021). The Florida Supreme Court held oral argument on the issue on February 8, 2022. If the Florida Supreme Court enters an opinion between the date of this Order and the trial in this case, Plaintiff and Defendant are free to file a motion for reconsideration with the Court if they have a good-faith basis to do so.

Billing Above Medicare Allowed Amounts and preclude Plaintiff from introducing evidence of phantom damages such as his full past medical bills." [DE 122 at 11]. Defendant alternatively requests that the Court "clarify its ruling that it will not impact Defendant's ability to receive a collateral source setoff so that the Final Judgment only reflects that amount of his medical bills for which Plaintiff will be legally responsible to pay." *Id.*

In Response, Plaintiff argues that Defendant is misrepresenting what the applicable law stands for and that Defendant is trying to bar Plaintiff from "presenting the truth, the medical bills he incurred and for which he expressly contracted with his healthcare providers to pay in full, and he would be left unable to recover from his true damages incurred." [DE 130 at 6]. Plaintiff also argues that Defendant's requested relief would leave Plaintiff "liable to the requisite healthcare providers for the full charges he incurred." *Id.*

"Reconsideration is an extraordinary remedy to be employed sparingly." *Holland v. Florida*, No. 06-20182-CIV-SEITZ, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007) (citation and internal quotation marks omitted). A motion for reconsideration may be granted based on three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). In other words, "[t]he only grounds for granting a motion for reconsideration 'are newly-discovered evidence or manifest errors of law or fact.'" *United States v. Dean*, No. 20-11603, 2020 WL 7655426, at *2 (11th Cir. Dec. 23, 2020) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). "A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." *Id.* (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)).

The Court has carefully reviewed Defendant's Motion and Plaintiff's Response, along with the case law and statutes cited within, and finds that Defendant has not met its very high burden for the Court to reconsider its prior ruling on the motion in limine at issue. There has been no intervening change in controlling law, there is no new evidence, and there is no need to correct clear error or prevent manifest injustice.

However, the Court will grant the Motion to the extent that Defendant requests clarification of the Court's prior Order [DE 118]. The Court's prior ruling on the motion in limine will not necessarily impact Defendant's ability to receive a collateral source setoff, if appropriate, "so that the Final Judgment only reflects that amount of his medical bills for which Plaintiff will be legally responsible to pay." [DE 122 at 11]. Any issues relating to setoff shall be determined by this Court post-trial. *See Hodge v. Tide Tamer Indus., Inc.*, No. 4:19CV575-MW/CAS, 2020 WL 7633911, at *2 (N.D. Fla. Apr. 1, 2020).

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's [Motion] to Reconsider and/or Clarify Order on Motion in Limine to Prevent Admission of Evidence of the Portion of Plaintiff's Medical Bills Not Paid by Plaintiff or Medicare [DE 122] is **GRANTED IN PART AND DENIED IN PART**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of April, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge